IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KIM BODINE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SALESFORCE.COM, INC., and JOHN DOES 1-5,<br><br>　　　　Defendants. | CV 19-4-BU-BMM-KLD<br><br><br>**PROTECTIVE ORDER** |

Defendant has filed a Proposed Protective Order upon conferring with Plaintiff's counsel and reaching an agreement as to the provisions contained in the Proposed Protective Order. Accordingly, **IT IS ORDERED** that the parties' Proposed Protective Order is hereby approved and entered as an order of the Court.

IT IS FURTHER ORDERED that any party seeking to file a document under seal pursuant to paragraph 6 of this Stipulated Protective Order shall seek leave of Court in accordance with the pertinent provisions of L.R. 5.2. In addition, any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244,

1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

1. In this action, the parties will be producing documents and disclosing information that contains or may be deemed by a party as containing confidential or proprietary information, including personnel and client information; confidential business, financial, commercial and other information; and, confidential sales and marketing information regarding the parties or individuals employed by the Defendant. This Stipulated Protective Order shall govern the production, disclosure, review, maintenance, and use of all information or documents deemed "Confidential" or "Highly Confidential" by a party.

**DEFINITIONS**

2. "Confidential" information means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) which are designated as "Confidential" under the terms of this Agreement.

3. "Highly Confidential" information means and refers to information (regardless of how it is generated, stored or maintained) designated as "Highly Confidential" under the terms of this Agreement. It includes, but is not limited to:

a. Non-public revenue, costs, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, and other non-public financial data, including financial projections and forecasts containing such data;

b. All client-specific contracts, agreements, communications and related information that are confidential, private or subject to non-disclosure agreement or otherwise;

c. Any material constituting a trade secret, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, other customer data, customer profiles, customer feedback, data related to sales opportunities, sales pipeline data, sales reports, information related to compensation of sales employees, sales quotations, or the needs and requirements of customers. These materials include but are not limited to the material addressed Defendant salesforce.com', inc.'s Brief in Support of Motion for Protective Order (Doc. 29): pipeline and closed opportunity reports from the Public Business Unit for fiscal years 2017 through 2020 for the states of Alabama, Tennessee, Kentucky,

West Virginia, and the Town of Cary, North Carolina; (2) Public Business Unit sales reports for Wisconsin and Minnesota for fiscal years 2012 through present; (3) Documents reflecting Public Business Unit's annual sales quota for Wisconsin and Minnesota for fiscal years 2012 through the present; (4) All documents reflecting Lauren Collett's compensation for work performed in Kim Bodine's previous territory from 2017 through the present time; and (5) Documents that contain or include specific customer quotations and requirements information.

      d.      The definitions of Confidential or Highly Confidential as used herein, are for purposes of this Protective Order only, and cannot be used as evidence or argument that the non-producing party otherwise concurs with the classification of the documents as Confidential or Highly Confidential.

## PROVISIONS

4.      Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The non-producing party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

5.      If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection, the producing party must promptly notify the other party that it is withdrawing the designation

6. The following restrictions shall apply to documents that are Confidential or Highly Confidential or that contain Confidential information or Highly Confidential information, or reference to any Confidential or Highly Confidential information or to testimony containing, discussing, or referring to Confidential or Highly Confidential information:

a. If a party wishes for a document, or information contained in a document, to be treated as Confidential or Highly Confidential, the party shall mark the document as "Confidential" or as "Highly Confidential."

b. Any document marked as "Confidential" or as "Highly Confidential" shall be maintained by the party receiving the document (the "non-producing party") in strictest confidence at all times. Any such document shall not be disclosed or used by the non-producing party except for the purposes of the above-identified litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation. Notwithstanding the preceding, such confidentiality shall not apply to any document marked as Confidential or Highly Confidential if the non-producing party obtains a determination by this Court that the document is not confidential and does not contain confidential information.

c. Information designated as "Confidential" or "Highly Confidential" may be disclosed, summarized, described, characterized, or

otherwise communicated or made available in whole or in part only to the following persons:

    i.    the non-producing party (subject to the further limitations for Highly Confidential information set forth in subparagraph 6(d) below);

    ii.    the non-producing party's counsel in this action, and the counsel's staff;

    iii.    expert witnesses retained by a party or its counsel, who have executed a copy of the attached Acknowledgement of Order Governing the Confidentiality of Discovery Materials in accordance with subparagraph 6(e), and who are not competitors of Defendant, except that "Highly Confidential" information may only be disclosed to experts in accordance with subparagraph 6(f);

    iv.    persons authorized to record or transcribe a proceeding at which Confidential or Highly Confidential documents, documents containing Confidential or Highly Confidential information, or Confidential or Highly Confidential information is disclosed;

    v.    court personnel involved in this litigation and any members of the jury during trial; and

    vi.    Professional Vendors: persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing

exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees.

The non-producing party shall at no time convey to any person not designated by paragraph 6(c) any "Confidential" or "Highly Confidential" information or any derivate or characterization thereof.

      d.     Access to any document marked "Highly Confidential" shall be restricted to the non-producing party's counsel and the non-producing party's counsel's staff; counsel employed by Defendant Salesforce, and the counsel's staff; and shall only be provided or viewed by the non-producing party within the presence of counsel of record in the above-captioned litigation. Information designated as Highly Confidential may only be conveyed to the non-producing party within the presence of counsel of record. The non-producing party shall at no time otherwise possess, actually or constructively, any information designated as Highly Confidential. The non-producing party shall at no time memorialize or record information designated as Highly Confidential. The non-producing party shall at no time possess, actually or constructively, a derivative, memorialization or characterization of information designated as Highly Confidential.

      e.     Information designated as "Confidential" may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to

prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, such consultant or expert shall sign an Acknowledgement of Order Governing the Confidentiality of Discovery Materials, understanding he/she is bound by the terms of this Protective Order consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder

      f.     Except as provided below, information designated as "Highly Confidential" shall only be disclosed to the non-producing experts once the non-producing party has provided to the producing party: (1) a signed Acknowledgement of Order Governing the Confidentiality of Discovery Materials, understanding he/she is bound by the terms of this Protective Order consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder; (2) the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's current business affiliations, and any current or past consulting relationships with businesses or entities that sell or otherwise provide Customer Relationship Management software, including software for sales force automation, customer

service and support, marketing automation, digital commerce, integration solutions, community management, industry-specific solutions, analytics, application development, IoT integration, collaborative productivity tools, and professional services related to this software, to the extent that information was not previously disclosed in an expert disclosure.  The producing party shall thereafter have five (5) business days from receipt of the above-described information to object to any proposed individual.  Such objection may be made for good cause and in writing, stating with particularity the reasons for objection.  Failure to object within 5 business days shall constitute approval.  If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter.  There shall be no disclosure to any proposed individual during the 5-business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

      g.      Notwithstanding anything stated above to the contrary, the provision regarding prior approval does not apply to expert witnesses previously disclosed by Plaintiff Kim Bodine in this case.   Highly Confidential information may be provided to these previously disclosed expert witnesses without Salesforce's consent by Plaintiff securing a signed Acknowledgement of Order Governing the Confidentiality of Discovery Materials, understanding he/she is

bound by the terms of this Protective Order consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

  h. Documents marked as "Confidential" will be maintained in a secure place by any person designated in paragraph 6(c).

  i. Documents marked as "Highly Confidential" will be maintained by counsel for the non-producing party in a secure place but shall not be provided or transmitted to the parties themselves, except as deposition or trial exhibits during deposition or trial.

  j. Any Confidential or Highly Confidential document or document containing Confidential or Highly Confidential information that is filed with the Court shall be filed as a "non-public" document or in a sealed envelope marked "FILED UNDER SEAL" in the case caption, followed by citations to the authority for sealing the document.

  k. Any testimony in which Confidential information or Highly Confidential information is likely to be referred to or disclosed shall be subject to the following restrictions: (i) only persons who are authorized by paragraph 6(c) of this Protective Order to have access to Confidential information or Highly Confidential information shall be permitted to attend the proceeding in which such

testimony occurs; (ii) at any time in the proceeding, any party may declare that the testimony being given is Confidential or Highly Confidential information; (iii) if the testimony is declared Confidential or Highly Confidential information, the reporter or other person transcribing the testimony shall mark all copies of transcripts "Confidential" or Highly Confidential", and such transcript shall be treated as Confidential or as Highly Confidential documents or documents containing Confidential or Highly Confidential information pursuant to the terms of this Protective Order.

7. In the event a non-producing party desires to provide access to Confidential information or Highly Confidential information or documents to a person not authorized to have access to such Confidential or Highly Confidential information or documents, and the producing party objects to providing access to such person, the non-producing party may move this Court for an order that such person be given access to the information. In the event the motion is granted, such person may have access to the information, but only subject to the terms and conditions set forth in this Protective Order.

8. Any party to this action may contest another party's designation of a document or information as Confidential or Highly Confidential. The challenging party does not waive its right to challenge a Confidential or Highly Confidential designation by electing not to mount a challenge after the original designation is

disclosed.  The producing party also reserves its rights to argue that a challenge under the Protective Order is not appropriate based on prejudice.  If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis.  If they are unable to resolve the dispute informally, the Designating Party may, within 14 days after the objecting party notifies it in writing that the parties have reached an impasse, move for a declaration of confidentiality in accordance with United States District Court, District of Montana, Local Rule 26.4, with respect to such discovery materials.  If the Designating Party makes such a motion, the Discovery Material shall continue to be deemed "Confidential," under the terms of this Agreement, until the Court rules on such motion.  In any proceeding to retain a "Confidential" or "Highly Confidential" designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing the appropriateness of the classification.  If the Court denies the motion or the motion is not made within 30 days after the objecting party notifies the Designating Party in writing that the parties have reached an impasse, the material shall cease to have the protection described in this Agreement.  A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information or documents designated as Confidential or as Highly Confidential, and the Court shall retain continuing jurisdiction to enforce or modify the terms of this Protective Order.

10. Inadvertent or unintentional production of documents or information containing Confidential or Highly Confidential information which should have been designated as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, except that the non-producing party shall not be required to treat or handle such information as Confidential or Highly Confidential unless and until the non-producing party is notified of the designation of Confidential or Highly Confidential by the producing party. When producing party notifies the non-producing party of an inadvertent or unintentional disclosure, the non-producing party will treat the material and Confidential or Highly Confidential as required by this Protective Order.

11. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt and/or the dismissal

of the above-captioned matter with prejudice.  All other remedies available to any person(s) injured by a violation of this protective Order are fully preserved.

      12.    Within 60 days after the final disposition of this action, each Non-producing party must return all Confidential and Highly Confidential material to the producing party or destroy such material. As used in this subdivision, "all Confidential and Highly Confidential" material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the material designated as Confidential or Highly Confidential.  Whether the Confidential or Highly Confidential material is returned or destroyed, the non-producing party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential or Highly Confidential material that was returned or destroyed and (2) affirms that the non producing party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential or Highly Confidential material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and documents received in the course of discovery even if such materials

contain Confidential or Highly Confidential material provided that said archival copy is saved on an external drive or disc and maintained within counsel's office. All hard copies and copies saved on servers must be destroyed in accordance with this provision. Any such archival copies that contain or constitute Confidential or Highly Confidential material remain subject to this Protective Order.

13. By entry of this Protective Order, the Court adopts no position as to the confidentiality or admissibility of documents produced subject to this Protective Order.

IT IS SO ORDERED on this 12th day of December, 2019.

_____
Honorable Kathleen DeSoto
United States Magistrate Judge