IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KIM BODINE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC., and<br>JOHN and JANE DOES 1-5,<br><br>　　　　　Defendants. | CV 19–4–BU–BMM–KLD<br><br><br>**ORDER** |

Plaintiff Kim Bodine has filed an objection to the Order filed by United States Magistrate Judge Kathleen DeSoto. Judge DeSoto issued an order on November 26, 2019. (Doc. 43). Judge DeSoto's Order granted Defendants' Motion for Leave to Amend Answer. *Id.*

Plaintiff objects pursuant to Federal Rule of Civil Procedure 72. Rule 72 specifies that an objection to a nondispositive matter resolved by a United States Magistrate Judge must be considered by the Court, with the Magistrate Judge's Order to be set aside if clearly erroneous or contrary to law. Fed. R. Civ. P. 72.

Judge DeSoto's Order allowed Defendants to amend their answer to add an after-acquired evidence defense. (Doc. 43 at 11). Judge DeSoto's Order

1

determined that Salesforce had established good cause under Federal Rule of Civil Procedure 16(b)(4), and that its motion should be granted under Federal Rule of Civil Procedure 15. (*Id.* at 5-11). Plaintiffs object to Judge DeSoto's conclusion, arguing that the record does not support Judge DeSoto's finding of diligence. (Doc. 47 at 8). Plaintiff also objects to Judge DeSoto's conclusion that the Plaintiff will not be prejudiced by the amendment. (*Id.* at 10).

Judge DeSoto concluded that Salesforce was diligent in discovering facts to form the basis of its motion to amend. Salesforce reviewed approximately 94,000 emails sent or received by Plaintiff. (*Id.*). Judge DeSoto concluded that Salesforce had satisfied Rule 16's good cause requirement given the high volume of emails, Salesforce's engagement in discovery otherwise, and its prompt notification to Plaintiff regarding her email misuse. (*Id.* at 6). Judge DeSoto's determination is not clearly erroneous or contrary to law.

Judge DeSoto found that Plaintiff would not be prejudiced by granting Salesforce leave to amend. (Doc. 43 at 10). Judge DeSoto based her conclusion on the fact that the discovery deadline has not passed, depositions were only recently taken, and no dispositive motions have been filed. Judge DeSoto noted that while Plaintiff may have to pursue additional discovery resulting in some delay, this fact alone would not cause prejudice sufficient to overcome the liberal

policy in favor of amendment. Leave to amend under Rule 15 "shall be freely given when justice so requires," and this policy is "to be applied with extreme liberality." *Eminence Capital. LLC v. Aspeon. Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Prejudice to the opposing party is the factor "that carries the greatest weight." *Id.* The Court determines that Judge DeSoto's conclusion that Plaintiff will not suffer prejudice to overcome the policy in favor of amendment was not contrary to law or clearly erroneous.

**IT IS ORDERED** that Plaintiff's Objection (Doc. 47) is **DENIED**.

DATED this 19th day of December, 2019.

Brian Morris
United States District Court Judge